**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**KEADRE CLARK,** Individually, and on behalf of himself and all other similarly situated current and former employees,

Plaintiff

v.

**PLANT BASED HEAT, LLC** and **RALPH JOHNSON**, Individually

Defendants.

**CASE NO. ______________**

**FLSA Multi-Plaintiff Action**
**RULE 23 Class Action**
**JURY DEMANDED**

---

**ORIGINAL FLSA MULTI-PLAINTIFF AND CLASS ACTION COMPLAINT**

---

Named Plaintiff, Keadre Clark ("Plaintiff"), individually, and on behalf of himself and other similarly situated current and former hourly-paid employees, bring this Fair Labor Standards Act ("FLSA") multi-plaintiff and Rule 23 class action against Plant Based Heat, LLC and Ralph Johnson, individually ("Defendants") and states as follows:

## I. NATURE OF SUIT

1. This lawsuit is brought against Defendants as a multi-plaintiff action under the FLSA, 29 U.S.C. § 201, *et seq.,* to recover the applicable FLSA minimum wage and any applicable overtime compensation as well as unpaid tips owed to Plaintiff and other similarly situated hourly-paid employees who are members of an FLSA multi-plaintiff action as defined

herein and currently or previously employed by Defendants during all times material.

2. This lawsuit also is brought as a Fed. R. P. 23 class action, alleging breach of contract, unjust enrichment, and quantum meruit claims under Tennessee common law.

## II. JURISDICTION AND VENUE

3. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This action is brought to recover unpaid back wages as well as unpaid tips and an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

4. This court has jurisdiction over Fed. R. Civ. P. 23 class action claims herein under 28 U.S.C. § 1367 because the claims are so related to those of this action within the Court's original jurisdiction in that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff performed work for Defendants in this district during all times material herein. In addition, Defendants have conducted business in this district during all times material.

## III. PARTIES

6. Plaintiff, Keadre Clark, is an adult citizen of the United States and worked as an hourly-paid employee of Defendants during all times relevant to this action. Plaintiff Clark's "Consent to Join" is attached as *Exhibit A.*

7. Defendant, Plant Based Heat, LLC, is a Tennessee limited liability company with its principal offices located at 669 S. Highland Street, Memphis, Tennessee, 38111-4355. Defendant's registered agent for service of process is Ralph Johnson, 7871 Winoak

Lane, Memphis, Tennessee, 38119.

8. Defendant, Ralph Johnson, is an owner of Plant Based Heat, LLC and has been responsible for establishing and administering the pay and time keeping policies of it during all times material.

9. As such, Defendant Ralph Johnson is individually and jointly liable for all FLSA violations as hereinafter described. Defendant Ralph Johnson can be served process at 669 S. Highland Street, Memphis, Tennessee 38111-4356.

## IV. COVERAGE

10. Defendants have been the "employer" of Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d) of the FLSA during all times material to this action.

11. Defendants have employed two or more employees who handled goods, materials, and supplies that traveled in interstate commerce during all times material.

12. Defendants have engaged in interstate commerce during all times relevant.

13. In addition, Plaintiff and those similarly situated have also engaged in interstate commerce on behalf of Defendants during all times material.

14. Thus, Defendants are an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## V. FACTUAL ALLEGATIONS

15. Defendant, Plant Based Heat, LLC, owns and operates two restaurants in Memphis, Tennessee.

16. Defendant, Ralph Johnson, is an owner of Plant Based Heat, LLC and has been responsible for establishing and administering the pay and time keeping policies of it during all times material.

17. As such, Defendant Ralph Johnson is individually and jointly liable for all FLSA

violations as described below.

18. Plaintiff and similarly situated hourly-paid employees worked for Defendants as food servers as well as engaged in other work tasks for Defendants within weekly pay periods during all times material herein.

19. Upon information and belief, Defendants did not have a time keeping system that recorded all the compensable work hours of Plaintiff and those similarly situated.

20. Moreover, Plaintiff and those similarly situated were paid for their compensable hours by cash or via peer-to-peer payment apps (including Apple Pay and Chime) within weekly pay periods during all times material that was not properly recorded on Defendants' pay records.

21. Defendants had a common plan, policy, and practice of requiring Plaintiff and similarly situated hourly-paid employees to place all their cash tips from customers in a "tip jar" within weekly pay periods during all times pertinent herein.

22. Defendants had a common plan, policy, and practice of providing Plaintiff and those similarly situated with only a portion of the tips they earned and placed in this "tip jar" and, upon information and belief, converted the remaining portion of such tips from the "tip jar" to themselves.

23. Defendants also had a common plan, policy, and practice of converting all credit card tips earned by Plaintiff and those similarly situated to themselves.

24. As a result, Plaintiff and those similarly situated were not provided or paid the credit card tips they had earned within weekly pay periods during all times material.

25. Defendants failed to record all the compensable work hours of Plaintiff and those similarly situated into its time keeping system during all times material.

26. As a result, Defendants have failed to pay Plaintiff and those similarly situated all their earned straight time compensation within the weekly pay periods at least at the applicable FLSA minimum wages and any applicable overtime compensation rates of pay during all times material to this action.

27. Thus, Defendants are liable to Plaintiff and those similarly situated for all wages earned in weekly pay periods for which were not paid during all times material herein.

28. Also, Defendants promised Plaintiff and other Rule 23 class members specified hourly rates of pay for all work hours performed for them within weekly pay periods during all time material herein.

29. Plaintiff and other Rule 23 class members accepted Defendants' offer by performing all hours of work required by the Defendants.

30. However, Defendants breached their contractual obligations to Plaintiff and other Rule 23 class members and unjustly enriched themselves by failing to pay them the promised wages during all applicable times.

31. Therefore, Defendants are liable to Plaintiff and other Rule 23 class members for the promised hourly pay for which they earned but were not paid within the weekly pay periods during all times material herein.

32. Defendants knew, and were aware at all relevant times, they were not compensating Plaintiff and those similarly situated for all their work hours at the applicable FLSA minimum (straight time) wage and any applicable overtime compensation rates of pay within weekly pay periods during all times material.

33. Defendants also knew, and were aware at all relevant times, that they did not provide Plaintiff and others similarly situated with all their earned cash and credit card tips during

all times material.

34. Defendants likewise knew, and were aware at all relevant times, that they did not pay Plaintiff and other potential plaintiffs all their promised wages within weekly pay periods during all times material.

35. Defendants willfully and, with reckless disregard of established FLSA compensation requirements, failed to pay Plaintiff and those similarly situated the applicable FLSA minimum (straight) wage rates and any overtime compensation rates of pay owed them within weekly pay periods during all times relevant herein.

36. Defendants do not have a good faith basis for their violations of the FLSA.

37. Defendants failed to keep timely and accurate pay records of Plaintiff and those similarly situated during all times relevant.

38. The unpaid wage claims of Plaintiff and those similarly situated are unified through common theories of Defendants' FLSA violations.

39. As a result of Defendants' willful failure to provide Plaintiff and those similarly situated in compliance with the applicable FLSA minimum (straight time) wage and overtime compensation requirements, they have suffered lost wages as well as other damages.

40. Defendants' scheme of failing to provide Plaintiff and similarly situated employees with all their earned tips as well as pay them for all their compensable minimum (straight time) wages and any applicable overtime compensation was to save payroll costs and payroll taxes, for which they have received unpaid work services, unjustly enriched themselves, and enjoyed ill gained profits at the expense of Plaintiff and others similarly situated.

## VI. RULE 23 CLASS ACTION ALLEGATIONS

41. Plaintiff brings this cause as a Fed. R. Civ. P. 23 class action on behalf of himself and other Rule 23 class members to recover unjust enrichments enjoyed by Defendants, as previously

described.

42. Specifically, Plaintiff brings this Fed. R. Civ. P. 23(b)(3) class action against Defendants on behalf of himself and the following Rule 23 class members:

> All hourly-paid employees who were employed by Defendants in the State of Tennessee during the past three years preceding the filing of this Original Complaint (the "Rule 23 class").

43. As previously described, Defendants failed to pay Plaintiff and Rule 23 class members at their specified hourly rates of pay for all hours worked.

44. The precise number of Rule 23 class members is not known as of this time. However, the exact number of such class members easily can be ascertained by examining Defendants' payroll, scheduling, timekeeping, personnel, and other work-related records and documents.

45. Questions of law or fact common to the Rule 23 class predominate over questions affecting only individual class members. These common questions of law or fact are:

(a) Whether Defendants failed to provide specified hourly rates of pay promised to Plaintiff and other Rule 23 class members for all their hours worked;

(b) Whether Defendants unjustly enriched themselves by the money they saved in failing to provide Plaintiff and Rule 23 class members their promised hourly rates of pay; and

(c) The nature and extent of the Rule 23 class-wide injury and the appropriate measure of damages for Plaintiff and the Rule 23 class members for such injuries.

46. Plaintiff's claims are typical of Rule 23 class claims, as alleged herein.

47. Plaintiff's claims and those of the members of the Rule 23 class arose from the same Defendants' actions or inactions herein and the claims are based on the same legal theories.

48. The identity of the Rule 23 class members is readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

49. Plaintiff is an adequate class representative for Rule 23 class members.

50. Plaintiff's unpaid wage claims are typical of those that could be alleged by any member of the Rule 23 class, and the relief sought is typical of the relief which would be sought by each member of the putative Rule 23 class in separate actions.

51. Plaintiff and Rule 23 class members were subject to the same unlawful practices of Defendants.

52. This class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of the Rule 23 class claims herein, where an individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.

53. Class action treatment will permit other similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions require.

54. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources. However, treating the claims as a class action would result in significant savings.

55. Although the relative damages suffered by individuals in the class are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of this litigation.

56. As a result, class treatment is a superior mechanism for resolving this dispute compared to

the adjudication of individual litigation claims.

57. Plaintiff have engaged the law firm of Jackson, Shields, Holt, Owen & Bryant to pursue the unjust enrichment claims for himself and other Rule 23 class members. (The Jackson, Shields, Holt, Owen & Bryant law firm focuses much of its practice on unpaid wage claims under the FLSA and state laws.)

58. The law firm has represented numerous other employees asserting unjust enrichment claims.

59. While the exact number of Rule 23 class members is unknown at this time and can be accessible via discovery, there are - upon information and belief - sufficient numbers of such individuals to satisfy the numerosity requirements herein.

60. Plaintiff and other members of this Rule 23 class have suffered and will continue to suffer irreparable damage from the unlawful wage practices implemented and administered by Defendants.

## VII. MULTI-PLAINTIFF ACTION ALLEGATIONS

61. Plaintiff brings this action on behalf of himself and those similarly situated as a multi-plaintiff action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

62. Plaintiff seeks to send notice to the following similarly situated current and former hourly-paid employees of Defendants, to wit:

> All full time hourly-paid employees who worked for Defendants anywhere in the United States at any time during the applicable statutory period covered by this Multi-Plaintiff Action Complaint (i.e. two years for FLSA violations, and three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is the Named Plaintiff and those who elect to join this action pursuant to the FLSA, 29 U.S.C. § 216(b) (collectively, "potential plaintiffs") .

63. The claims under the FLSA may be pursued by those who elect to join this action under 29 U.S.C. § 216(b).

64. The claims of Plaintiff are typical of the claims of potential plaintiffs to this action.

65. Plaintiff and potential plaintiffs to this action are similarly situated in that they were subjected to Defendants' unlawful common policy and practice of failing to provide them with all the cash and credit card tips as well as pay them for all their compensable hours of work at the applicable FLSA minimum (straight time) wage and any overtime compensation rates of pay within weekly pay periods during all times material to this lawsuit, as previously described.

66. Plaintiff and potential plaintiffs are similarly situated because they have been similarly deprived of their earned cash and credit card tips as well as their minimum (straight time) wages and overtime any compensation owed to them as a result of Defendants' unlawful practices, as previously described.

67. In addition, Plaintiff and potential plaintiffs to this action are similarly situated in that their unpaid wage claims are unified through common theories of Defendants' FLSA violations.

68. Plaintiff will fairly and adequately protect the interests of potential plaintiffs to this action as his interests are aligned with the interest of each such potential plaintiff.

69. Plaintiff has no interests adverse to the interest of potential plaintiffs to this action.

70. Plaintiff has retained competent counsel who are experienced in multi-plaintiff action litigation.

71. The multi-plaintiff action mechanism is superior to the other available methods for a fair and efficient adjudication of this controversy. The expenses, costs, and burden of litigation suffered by individual plaintiffs in a multi-plaintiff action are relatively small in comparison to the expenses, costs, and burden of the litigation of individual actions,

making it virtually impossible for plaintiffs to individually seek redress for the wrongs done to them.

72. Plaintiff and potential plaintiffs to this action have suffered and will continue to suffer irreparable damage from the unlawful pay policies and practices implemented and administered by Defendants.

**COUNT I**
**FAIR LABOR STANDARDS ACT VIOLATIONS**

73. Plaintiff incorporates by reference all preceding paragraphs as fully as if rewritten herein.

74. Plaintiff and potential plaintiffs are similarly situated because they have been similarly deprived of their earned cash and credit card tips as well as minimum wages and overtime compensation owed them as a result of Defendants' unlawful practices, as previously described.

75. Defendants' failure to provide Plaintiff and potential plaintiffs with all their earned cash and credit card tips as well as pay for all their hours worked within weekly pay periods at the applicable FLSA minimum wage and any overtime compensation rates of pay has violated the FLSA.

76. Defendants' common practice of willfully failing to pay Plaintiffs and potential plaintiffs at the applicable FLSA minimum wage and overtime compensation rates of pay for all hours worked within weekly pay periods has resulted in their unpaid wage claims being unified through common theories of Defendants' FLSA violations.

77. Defendants did not provide Plaintiff and those similarly situated all the cash tips they had earned but, instead, converted such unpaid cash tips to themselves, as previously described.

78. Defendants did not provide Plaintiff and those similarly situated all the credit card tips they had earned but, instead, converted such unpaid credit card tips to themselves.

79. According to the regulation promulgated by the U.S. Department of Labor, “tips are the property of the employee whether or not the employer has taken a tip credit under section (3) of the FLSA.” 29 C.F.R. § 531.52.

80. Defendants have had actual knowledge of their failure to provide Plaintiff and potential plaintiffs with all their earned cash and credit card tips as well as pay them for all their compensable hours of work at the applicable FLSA minimum wages and overtime compensation within weekly pay periods during all times material herein.

81. Defendants’ conduct, as described herein, was willful with reckless disregard of clearly established FLSA compensation requirements.

82. Defendants’ violations were without a good faith basis.

83. Plaintiff and potential plaintiffs are therefore entitled, and hereby seek, to recover compensation from Defendants: unpaid minimum wages and any applicable overtime compensation as required by the FLSA, and an additional amount as liquidated damages, together with interest, costs, and reasonable attorney’s fees.

**COUNT II**
**RULE 23 CLASS ACTION - BREACH OF CONTRACT**

84. Plaintiff incorporates by reference all the preceding paragraphs as if fully rewritten herein.

85. Plaintiff asserts a breach of contract claim under Tennessee common law because Defendants entered a valid and enforceable unilateral wage contract with Plaintiff and other Rule 23 class members by promising them specified hourly rates of pay for all hours worked, as previously described.

86. Plaintiff and other Rule 23 class members accepted Defendants’ promises and offer by performing all the work required of them.

87. Defendants breached such unilateral contract with Plaintiff and other Rule 23 class

members by failing to pay them their promised wages, as previously described.

88. For example, Defendant deducted withholdings from Plaintiff's earnings but did not apply them toward Plaintiff's taxes, effectively retaining such earnings as a reduction to Plaintiff's hourly pay.

89. Upon information and belief, such aforementioned practice is common to all members of the Rule 23 class.

90. Defendants have been aware they failed to pay Plaintiff other Rule 23 class members all the wages owed to them under the said unilateral contracts.

91. Defendants are liable to Plaintiff and other Rule 23 class members for all the unpaid wages promised to them.

**COUNT III**
**RULE 23 CLASS ACTION - UNJUST ENRICHMENT CLAIM**

92. Plaintiff incorporates by reference all the preceding paragraphs as if fully rewritten herein.

93. Plaintiff asserts an unjust enrichment claim under Tennessee common law on the basis that Defendants failed to pay Plaintiff and other Rule 23 class members a specific hourly rate of pay for all hours worked, as previously described.

94. Defendants unjustly enriched themselves by their failure to pay Plaintiff and other Rule 23 class members their promised hourly rates of pay - as previously addressed.

95. Defendants were aware they failed to pay Plaintiff and other Rule 23 class members all the wages owed to them.

96. Defendants' failure to pay Plaintiff and other Rule 23 class members all the wages promised to them made it unjust and inequitable.

97. Defendants are liable to Plaintiff and other Rule 23 class members for the amount of money Defendants have enriched themselves by their failure to pay Plaintiff and other Rule 23

class members their promised hourly rates of pay for all the work performed by them during all times material to this action.

**COUNT IV**
**RULE 23 CLASS ACTION - QUANTUM MERUIT CLAIM**

98. Plaintiff incorporates by reference all the preceding paragraphs as if fully rewritten herein.

99. Plaintiff asserts a quantum meruit claim under Tennessee common law on the basis that he and other Rule 23 class members provided valuable work services to Defendants during all times material.

100. Defendants accepted the work services of Plaintiff and other Rule 23 class members and had reasonable notice that they expected to be paid for their work time spent on behalf of Defendants.

101. However, Plaintiff and other Rule 23 class members were not paid for all their time spent working on behalf of Defendant.

102. The reasonable value of the work time Plaintiff spent on behalf of Defendants is consistent with the wages promised to them because Defendant benefited to such degree or more from such work provided.

103. Defendants are liable to Plaintiff for the value of the unpaid work services he provided Defendant during all times material to this action.

**COUNT V**
**PLAINTIFF CLARK'S FLSA RETALIATION CLAIM**

104. Plaintiff incorporates by reference all preceding paragraphs as fully as rewritten herein.

105. Plaintiff Keadre Clark was unlawfully discharged from his employment with Defendants in retaliation for complaining to Defendants about his pay and not receiving his pay stubs.

106. Plaintiff Clark's complaints to Defendants about his pay and not receiving his pay stubs

were protected activities under 29 U.S.C. § 215(a)(3).

107. Defendants violated 29 U.S.C. § 215(a)(3) by terminating Plaintiff Clark's employment in retaliation for his engaging in activity protected under the FLSA.

108. Defendants had no other basis to terminate Plaintiff Clark's employment but for exercising his protected rights under 29 U.S.C. § 215(a)(3).

109. Defendant Ralph Johnson responded to Plaintiff Clark's inquiry about his pay and request for his pay stubs that he (Clark) was being paid under someone else's name and he (Johnson) would get back with him about his pay stubs.

110. Instead of getting back with Plaintiff Clark about his pay stubs, Defendant Johnson informed Plaintiff Clark that he was "taking him off the schedule" – which was tantamount to terminating his employment in the restaurant culture's coded language.

111. Plaintiff Clark's termination of employment was causally connected to his protected activity in that he was discharged from his employment almost immediately after complaining to Defendants about his pay and not receiving his pay stubs.

112. Defendants were aware of Plaintiff Clark's protected activity before terminating his employment.

113. As a result of his unlawful termination, Plaintiff Clark has suffered monetary damages (lost wages both present and future), compensatory damages (emotional distress, loss of reputation, etc.), and other legal and equitable damages.

114. Defendants' conduct was willful and in reckless disregard of clearly established FLSA retaliatory provisions in terminating Plaintiff Clark's employment.

## PRAYER FOR RELIEF

Whereas, Plaintiff, individually, and/or on behalf of himself and all others similarly situated, requests this Court to grant the following relief against Defendants:

A. Promptly issue notices pursuant to 29 U.S.C. § 216(b), apprising potential plaintiffs of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B. For an Order finding Defendants liable under the FLSA for unpaid minimum wages and any applicable overtime compensation owed to Plaintiff and potential plaintiffs, and for liquidated damages equal to the amount of unpaid compensation found due to Plaintiff and potential plaintiffs;

C. For an order finding Defendants liable under the FLSA for their failure to provide Plaintiff and those potential plaintiffs with all of their earned cash and credit card tips, and for liquidated damages equal in amount to such earned cash and credit card tips found due to Plaintiff and potential plaintiffs.

D. For an Order finding that Defendants' violations of the FLSA were willful.

E. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and potential plaintiffs.

F. For certification of and notice to the Rule 23 Class, as further defined and determined by motions practice, and to properly inform them of their rights;

G. An award of damages to Plaintiff and Rule 23 class members for Defendants' breach of contract.

H. An award of damages to Plaintiff and Rule 23 class members for Defendants' unjust enrichment.

I. An award of damages to Plaintiff and Rule 23 class members against Defendants related to their quantum meruit claims.

J. An award of damages to Plaintiff Keadre Clark for his retaliatory termination claims.

K. An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff and potential plaintiffs; and

L. Such other general and specific relief as this Court deems just and proper.

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **TRIAL BY JURY** on all issues so triable.

Date: January 22, 2026.

Respectfully Submitted,

*s/ J. Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
J. Joseph Leatherwood IV (TN BPR #39490
**JACKSON, SHIELDS, HOLT, OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*jleatherwood@jsyc.com*

***ATTORNEYS FOR PLAINTIFFS AND FOR OTHERS SIMILARLY SITUATED***